**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

———————————————
                               )

| | |
|---|---|
| THE INDEPENDENT PARTY OF FLORIDA and THE PARTY FOR SOCIALISM AND LIBERATION, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    Case No. _____ |
| LAUREL M. LEE, Florida Secretary of State, in her official capacity, | ) ) ) ) |
| Defendant. | ) ) |

———————————————)

## COMPLAINT

Plaintiffs The Independent Party of Florida and The Party for Socialism and Liberation, by and through their undersigned counsel, state and allege as follow:

## PARTIES

1.   The Independent Party of Florida (the "Independent Party") is a plaintiff in this action. The chairman of the party is Ernest Bach ("Bach") and the party is headquartered in Largo, Florida. The

Independent Party is a "minor political party" as that term is defined in Fla. Stat. ¶ 97.021(19).

2.   The Party for Socialism and Liberation (the "Party for Socialism") is a plaintiff in this action. The chairman of the party is Bryan Ellis ("Ellis") and the party is headquartered in Sarasota, Florida. The Party for Socialism is a "minor political party" as that term is defined in Fla. Stat. § 97.021(19).

3.   Laurel M. Lee ("Lee") is the Florida Secretary of State with offices in Tallahassee, Florida. Lee "is the chief election officer of the state, and it is [] her responsibility to: (1) Obtain and maintain uniformity in the interpretation and implementation of the election laws" pursuant to Fla. Stat. § 97.012(1). Lee is sued in her official capacity.

## **JURISDICTION**

4.   This lawsuit asserts that the Plaintiffs are deprived of several fundamental civil and constitutional rights guaranteed by the United States Constitution by the regulations and requirements for ballot access applied against the Plaintiffs as articulated by Fla. Stat. §

103.021(4)(a) and (b). This court has jurisdiction over this action pursuant to 42 U.S.C. § 1983.

## VENUE

5.   Venue is proper in the Tallahassee Division of the United States District Court for the Northern District of Florida because Lee's office is located in Tallahassee, Florida.

## GENERAL ALLEGATIONS

6.   Fla. Stat. § 103.021(4)(a) allows minor political parties to nominate presidential and vice presidential candidates on the general election ballot by submitting a certificate naming the candidates and listing the names of the electors, but only if that minor political party is affiliated with a "national party." In turn, "national party" is defined in the statute as "a political party that is registered with and recognized as a qualified national committee of a political party by the Federal Election Commission."

7.   In turn, Fla. Stat. § 103.021(4)(b) sets forth the method to nominate presidential and vice presidential candidates on the general election ballot for minor political parties that do not qualify for the

nomination by certification. The statute requires the submission of a petition signed by 1% of the registered voters of the state.

8.   The Florida legislature passed the current version of the law in 2011 when it passed HB 1355.

9.   Prior to 2011, the then-existing law was passed in 1999 allowing minor political parties to be a qualified party under state law if the party filed a list of its officers, copy of its bylaws, and agreed to report information about its finances. As a qualified party under state law, the minor political party was allowed to place its presidential and vice presidential candidates on the ballot by certification if the party was affiliated with a national political party that held a national presidential convention.

10.  In 2000, eight minor political parties certified the names of their candidates on the Florida presidential ballot.

11.  In 2004, six minor political parties certified the names of their candidates on the Florida presidential ballot.

12.  In 2008, eleven minor political parties certified the names of their candidates on the Florida presidential ballot.

13.  In 2004, the Reform Party nominated Ralph Nader for president. A lawsuit was filed by certain individuals challenging the Reform Party as a bona fide party. The Florida Supreme Court rejected the lawsuit on the merits, but noted in the decision that term "national party" was undefined in the statutory schema.

14.  In 2005, the Florida legislature defined "national party" as a party that is on at least one ballot other than Florida.

15.  In 2011, after HB 1355 was passed, the Florida Secretary of State did not enforce the new statute and allowed all minor political parties to nominate their presidential candidates by certificate. The Secretary of State's general counsel issued a letter citing an inability to reliably determine which parties were recognized as a national committee by the United States Federal Election Commission.

16.  Shortly before the 2016 election, the Secretary of State informed both the Independent Party and the Party for Socialism that their certificates naming their presidential and vice presidential candidates were rejected because they did not submit a petition as required by Fla. Stat. § 103.021(4)(b).

17.  At the time of that notification, there was not sufficient time to file a lawsuit to litigate the issue before the ballots were printed.

18.  The Independent Party and the Party for Socialism both intend to nominate candidates for President and Vice President in the 2020 election cycle.

**Federal Election Commission Recognition**

19.  The United States Federal Election Commission ("FEC") publishes criteria for recognizing a political party as a national committee: (1) Nominating qualified candidates for President and various Congressional offices in numerous states; (2) Engaging in certain activities – such as voter registration and get-out-the-vote drives – on an ongoing basis; (3) Publicizing the party's supporters and primary issues throughout the nation; (4) Holding a national convention; (5) Setting up a national office; and (6) Establishing state affiliates. *See* www.fec.gov/press/resources-journalists/political-parties/ (last accessed on February 10, 2020).

20.  The FEC has issued six opinions over the years recognizing parties as national committees: (1) Libertarian Party in 1975; (2) Socialist Party in 1980; (3) Natural Law Party in 1992; (4) U.S.

Taxpayers Party in 1995, (but this party changed its name to the Constitution Party in 1999); (5) Reform Party in 1998; and (6) Green Party in 2001. The Democratic Party and Republican Party are also recognized national committees although the FEC has never issued an opinion to that effect.

21. The Florida Division of Election currently lists the following parties as active major or minor political parties in the State of Florida:

<u>Major Political Parties</u>:

(1) Florida Democratic Party;

(2) Republican Party of Florida;

<u>Minor Political Parties</u>:

(3)  Constitution Party of Florida;

(4)  Ecology Party of Florida;

(5)  Green Party of Florida;

(6)  Independent Party of Florida;

(7)  Libertarian Party of Florida;

(8)  Party for Socialism and Liberation – Florida;

(9)  Reform Party of Florida.

*See* https://dos.myflorida.com/elections/candidates-committees/political-parties/ (last accessed on February 10, 2020).

22.  There are two parties recognized by the FEC as national committees that have no association or organization in Florida that qualifies as a "minor political party": the Socialist Party and the Natural Law Party. The Party for Socialism and Liberation – Florida is not affiliated with the Socialist Party recognized by the FEC as a national committee.

23.  In addition to the two Plaintiffs in this case, the Ecology Party of Florida also is qualified as a minor political party in Florida but is not affiliated with a party recognized by the FEC as a national committee.

24.  Fla. Stat. § 103.021(4) exempts some minor political parties from the 1% signature requirement allowing those exempted parties the ability to merely certify their candidates for President and Vice President solely by having recognition by the FEC as a national committee. The sole criteria upon which this exemption is based – FEC recognition as a national committee – is not narrowly tailored to further

a legitimate regulatory interest and less burdensome alternatives are available to meet the state's legitimate interests.

25.  Florida's statute that allows minor political parties access to the general election ballot by submitting a petition signed by 1% of the registered electors effective for the previous general election is overly and unconstitutionally burdensome on the Plaintiffs' rights of association, political advocacy, free speech, and the party's members rights to vote for the candidate of their choice.

26.  The signature requirement would cost over $100,000 to hire and train sufficient laborers to circulate ballot access petitions to meet the 1% signature requirement, and consequently, the regulation is not narrowly tailored to further a legitimate regulatory interest and less burdensome alternatives are available to meet the state's legitimate interests.

27.  Three presidential election cycles occurred under the prior law allowing minor political parties access to the ballot by certification (2000, 2004, and 2008) and the longest ballot contained thirteen party candidate names (2008). A ballot containing even thirteen party candidates for president and vice president is not confusing, unwieldy,

or otherwise overburdensome on the average voter. Consequently, the certification requirement set out in Fla. Stat. § 103.021(4)(a) is narrowly tailored to meet the state's interest in producing a ballot that is neither unwieldy nor confusing. Furthermore, the certification requirement is not overly burdensome on the Plaintiff parties' and their members' civil and constitutional rights.

## COUNT ONE
## (Violation of Plaintiffs'
## First and Fourteenth Amendment Rights)

28.  The Plaintiffs incorporate each of the foregoing paragraphs numbered 1 through 27 into Count One as if they were fully articulated herein.

29.  The petition requirements set forth in Fla. Stat. § 103.021(4)(b) that require the submission of a petition signed by one percent of the registered voters is an unconstitutional restriction on the Plaintiffs' First and Fourteenth Amendment rights to association, free speech, political activity, and their respective members' rights to vote for the candidates of their choice.

30.  The petition requirements set forth in Fla. Stat. § 103.021(4)(b) are not narrowly tailored to further a legitimate state interest.

31. The requirement that the party affiliate with a national political party recognized by the FEC as a national committee to be qualified to nominate candidates for President and Vice President by certification as set forth in Fla. Stat. § 103.021(4)(a) is not narrowly tailored to further a legitimate state interest.

## COUNT TWO
### (Violation of Plaintiffs' Rights Guaranteed by the Equal Protection Clause)

32. The Plaintiffs incorporate each of the foregoing paragraphs numbered 1 through 31 into Count Two as if they were fully articulated herein.

33. Florida provides two paths to the Presidential ballot for minor political parties, one which requires a petition signed by 1% of the registered voters in the state, the other by the party sending a certification to the Secretary of State. One path is extremely time consuming and expensive and the other is relatively easy. Which path each party must take depends solely on whether the party is affiliated with a national party the FEC recognizes as a national committee.

34. The FEC's recognition of a political party as a national committee is not rationally related to the level of support that party has

in Florida, as evidenced by the Socialist Party and Natural Law Party, both of which have no minor political party affiliates in Florida.

35. The party affiliation with a national committee is not rationally related to any legitimate state interest in regulating access to the Presidential ballot. Consequently, the ballot access requirements for the Plaintiffs, cause injury and violate the rights guaranteed by the Equal Protection Clause of the United States Constitution.

## **PRAYER FOR RELIEF**

A.   Enter a declaratory judgment holding that the 1% signature requirement set forth at Fla. Stat. § 103.021(4)(b) is unconstitutional as applied to the Plaintiffs;

B.   Enter a declaratory judgment holding that the statute limiting application of Fla. Stat. § 103.021(4)(a) only to minor political parties that are affiliated with national political parties that are recognized by the FEC as a national committee is unconstitutional as applied to the Plaintiffs;

C.   Enter an order permanently enjoining the Secretary of State from enforcing Fla. Stat. § 103.021(4)(b)'s one-percent signature requirement against the Plaintiffs and from enforcing Fla. Stat. §

12

103.021(4)(a)'s prohibition against minor political parties from certifying their Presidential and Vice Presidential candidates if they are not affiliated with a national political party that is recognized by the FEC as a national committee;

    D.  Award other and further relief as the Court deems proper;

    E.  Award litigation costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

    F.  Retain jurisdiction of this action and grant the Plaintiffs any further relief which may in the discretion of the Court be necessary and proper.

    Dated this 24th day of February, 2020.

                Respectfully submitted,

                **THE BERNHOFT LAW FIRM, S.C.**
                Attorneys for Plaintiffs

                By: /s/ Daniel J. Treuden
                    Daniel J. Treuden
                    *Pro hac vice* motion pending

                    1402 E. Cesar Chavez Street
                    Austin, Texas 78702
                    telephone: (512) 582-2100
                    facsimile:  (512) 373-3159
                    djtreuden@bernhoftlaw.com