*[handwritten: Americans Elect - September 1.pd]*

# FLORIDA DEPARTMENT of STATE

**RICK SCOTT**
Governor

**KURT S. BROWNING**
Secretary of State

September 1, 2011

Mr. Daniel B. Winslow
Senior Counsel
Proskauer Rose LLP
One International Place
Boston, Massachusetts 02110-2600

Dear Mr. Winslow:

This letter responds to your letter of August 26th wherein you graciously provided additional information about Americans Elect's position that it should be able to qualify as a minor political party affiliated with a national party under the definition of "national party" existing in section 103.021(4)(a), Florida Statutes (2010), instead of the revised definition in the 2011 statute.

While I appreciate and have thoroughly reviewed the supplemental information, I retain some reservations about whether Florida law grants Americans Elect a "vested right" to a particular procedure for placing presidential candidates on Florida's ballot. Upon further reflection, however, the resolution of this legal issue is unnecessary to answer your overriding question: whether the Department of State will place Americans Elect's nominees on the November 2012 ballot.

It is a well-recognized principle in Florida that the Secretary performs only a ministerial function in qualifying candidates and has no authority or duty to look beyond the filing documents to determine if a candidate is eligible. *See, e.g., Davis ex rel. Taylor v. Crawford*, 116 So. 41, 42 (Fla. 1928). Therefore, if a minor political party registered in Florida files the required certificate, which is complete on its face, under section 103.021(4)(a), Florida Statutes, the Secretary "shall order the names of the candidates nominated by the minor political party to be included on the ballot and shall permit the required number of persons to be certified as electors in the same manner as other candidates."

Applying this principle to Americans Elect's situation, the Secretary has no authority to place any demands upon a candidate once the candidate (or a party in the case of a presidential candidate) files the requisite qualifying papers with the Department of State. Thus, the Secretary will accept "qualifying" papers from Americans Elect regarding its presidential candidates and, in examining those papers, he will not look beyond the papers to determine the underlying nature of the minor political party.

This, of course, does not preclude someone bringing a subsequent legal challenge against a party or its presidential and vice-presidential candidates concerning their propriety to be on the ballot based upon an allegation that the party and its candidates are not affiliated with a "national party." *See, e.g., Reform Party of Florida v. Black*, 885 So. 2d 303 (Fla. 2004). Americans Elect should consider the above

---

R. A. Gray Building • 500 South Bronough Street • Tallahassee, Florida 32399-0250
Telephone: (850) 245-6536 • Facsimile: (850) 245-6127
www.dos.state.fl.us

Exhibit A
Page 1 of 2

in deciding how it wishes to proceed in obtaining ballot placement in Florida for its presidential and vice-presidential candidates. The Secretary certainly can offer no guarantee that the Department's ministerial placement of the party's candidates on the ballot will preclude a legal challenge.

Finally, if Americans Elect chooses to "qualify" its candidates via the petition method described in section 103.021(4)(b), Florida Statutes, I advise you that the Department of State has noticed for rule development, Rule 1S-2.045, Florida Administrative Code. The amendments to this rule will incorporate into rule the statutory requirement that presidential candidate petitions be submitted by July 15th of the presidential election year for signature verification, but the names of the candidates and presidential electors need not be submitted until September 1st of that year. You may find the proposed revisions to the rule and the new form at: http://election.dos.state.fl.us/rules/proposed-rules/index.shtml.

I trust this letter provides appropriate guidance to Americans Elect as it moves forward.

Sincerely,

*Daniel Nordby*

Daniel E. Nordby
General Counsel

cc: Marc Dunbar, Pennington Law Firm, Tallahassee, Florida