IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| INDEPENDENT PARTY OF FLORIDA and PARTY FOR SOCIALISM AND LIBERATION,<br><br>Plaintiffs,<br><br>v.<br><br>LAUREL M. LEE, Florida Secretary of State, in her official capacity,<br><br>Defendant. | Case No. 4:20-cv-00110-MW-CAS |

**PLAINTIFF'S BRIEF IN RESPONSE TO THE COURT'S ORDER OF APRIL 30, 2020**

COME NOW The Independent Party of Florida ("Independent Party") and The Party for Socialism and Liberation ("Party for Socialism") (collectively the "Plaintiffs"), by and through their attorney of record, Daniel J. Treuden, and respectfully file this brief in response to the Court's *sua sponte* Order directing briefing on *Jacobson v. Florida Sec. of State*, ___ F.3d ___, 2020 U.S. App. LEXIS 13714 (11th Cir. April 29, 2020) (published). (DE 21.)

1

## ARGUMENT

*Jacobson* is an election law case involving the constitutionality of the Florida statute setting forth the order in which candidate names appear on general election ballots. On appeal, the Eleventh Circuit Court of Appeals vacated the district court's judgment and remanded the case with instructions to dismiss the case for lack of jurisdiction, specifically for a lack of standing. *Jacobson*, 2020 U.S. App. LEXIS 13714, *44. This brief "addresse[s] the issue whether, in light of *Jacobson*, [the Plaintiffs] have standing. Plaintiffs' brief must specifically address the issue of whether their injury is traceable and redressable by the Defendant." (DE 21.)

The Plaintiffs *do* have standing and the injuries complained of are, in fact, traceable directly to the Secretary of State Laurel M. Lee ("Lee") and are redressable by her.

The Plaintiffs allege that two statutes violate the Plaintiffs' constitutional rights and claim injuries arising from those violations. First, the Plaintiffs allege that forcing them to affiliate with a non-Florida "national" party in order to qualify for ballot access by certification in the Presidential general election race pursuant to Fla.

Stat. § 103.021(4)(a) violates the Constitution and the Plaintiffs' constitutional rights; and second, that the alternative method of ballot access set forth in Fla Stat. § 103.021(4)(b) – submitting signatures of Florida registered voters equal to one-percent of the registered voters in the state – is also a violation of the Constitution and the Plaintiffs' constitutional rights.

## National Party Affiliation

The statute governing minor political party ballot access by certification reads as follows:

> A minor political party that is affiliated with a national party holding a national convention to nominate candidates for President and Vice President of the United States may have the names of its candidates for President and Vice President of the United States printed on the general election ballot by filing with the Department of State a certificate naming the candidates for President and Vice President and listing the required number of persons to serve as electors. Notification to the Department of State under this subsection shall be made by September 1 of the year in which the election is held. When the Department of State has been so notified, it shall order the names of the candidates nominated by the minor political party to be included on the ballot and shall permit the required number of persons to be certified as electors in the same manner as other party candidates. As used in this section, the term "national party" means a political party that is registered with and recognized as a qualified national committee of a political party by the Federal Election Commission.

3

Fla. Stat. § 103.021(4)(a).

First, each of the Plaintiffs in this case constitute minor political parties: "'Minor political party' is any group as specified in s. 103.095 which on January 1 preceding a primary election does not have registered as members 5 percent of the total registered voters of the state." Fla. Stat. § 97.021(19). It is undisputed that both Plaintiffs are groups specified in Fla. Stat. § 103.095 and as of January 1, 2020 did not have registered members totaling five percent of the registered voters of the state.

Second, Lee, as the Secretary of State, is the public officer that heads the Department of State: "There is created a Department of State. (1) The head of the Department of State is the Secretary of State. . . ." Fla. Stat. § 20.10. Furthermore, Lee is in charge of the Division of Elections: "The following divisions of the Department of State are established: (a) Division of Elections . . . ." Fla. Stat. § 20.10(2). As the head of the Department of State, the Secretary of State can require the Department of State to comply with any injunction placed upon her.

Furthermore, the Department of State has exercised authority within the context of this statute, as evidenced by Exhibits A and B

4

filed in support of the Plaintiffs' Motion for Preliminary Injunction. (DE 9-2 and 9-3.) Both exhibits are letters written by Department of State employees interpreting Fla. Stat. § 103.021(4)(a) and explaining how the Department of State will enforce its requirements. Exhibit A is a letter signed by Daniel E. Nordby, General Counsel under Lee's predecessor Kurt S. Browning. The letter advised counsel for the Americans Elect Party that if the Americans Elect Party submits a certificate under section 103.021(4)(a), "the Secretary [of State] will accept 'qualifying' papers from Americans Elect regarding its presidential candidates and, in examining those papers, he will not look beyond the papers to determine the underlying nature of the minor political party." (DE 9-2, p. 1.) Most saliently here, the Department of State advised that the Secretary of State himself would be the one accepting the certification.

In turn, Exhibit B is a letter signed by Attorney Maria Matthews, the Director of the Division of Elections, a division of the Department of State, while another of Lee's predecessors, Ken Detzner, held the office of Secretary of State. This letter was written to the Plaintiff Independent Party of Florida on September 7, 2016, and it advised,

5

contrary to the September 1, 2011 letter, that the Department of State would examine the underlying nature of minor political parties:

> Your submission [certifying the Independent Party's presidential and vice presidential candidates] does not comply with the requirements of section 103.021(4)(a), Florida Statutes, because your party is not affiliated with a 'national party' – a party that by definition is registered with and recognized as a qualified national committee of a political party by the Federal Election Commission.

(DE 9-3.)

Based on both the statutory language and the examples of past enforcement, the Plaintiffs claim a constitutional injury by the enforcement of the national party affiliation requirement, and this injury is traceable directly to the Secretary of State. Lee and her predecessors have enforced and will continue to enforce this statute through the Secretary of State's agents, all of which the Secretary of State has the power to control. Because the Secretary of State is the head of the Department of State, an injunction issued against Lee barring enforcement of the national affiliation requirement set forth in Fla. Stat. § 103.021(4)(a) would constitute an effective redress of the Plaintiffs' constitutional grievances.

## The One-Percent of Registered Voters Signature Requirement

The statute governing minor political party ballot access by signature petition reads as follows:

> A minor political party that is not affiliated with a national party holding a national convention to nominate candidates for President and Vice President of the United States may have the names of its candidates for President and Vice President printed on the general election ballot if a petition is signed by 1 percent of the registered electors of this state, as shown by the compilation of the Department of State for the preceding general election. A separate petition from each county for which signatures are solicited shall be submitted to the supervisors of elections of the respective county no later than July 15 of each presidential election year. The supervisor shall check the names and, on or before the date of the primary election, shall certify the number shown as registered electors of the county. The supervisor shall be paid by the person requesting the certification the cost of checking the petitions as prescribed in s. 99.097. The supervisor shall then forward the certificate to the Department of State, which shall determine whether or not the percentage factor required in this section has been met. When the percentage factor required in this section has been met, the Department of State shall order the names of the candidates for whom the petition was circulated to be included on the ballot and shall permit the required number of persons to be certified as electors in the same manner as other party candidates.

Fla. Stat. § 103.021(4)(b).

This section involves both the Department of State and the individual county Supervisors of Elections. Although *Jacobson* is clear

that the Supervisors of Elections are distinct constitutional offices and the Secretary of State has no control over them, their roll in the petition process is merely ministerial and not relevant to the key task of determining a minor party's compliance with the one-percent signature requirement. The Supervisors of Elections in each County merely tally the signatures obtained within that county on behalf of the minor party candidates and certify that tally to the Department of State. Once the Department of State obtains each county's tally, it is the Department of State that determines whether the minor party complied with the one-percent signature requirement.

The Plaintiffs' claimed injury relates to the one-percent signature requirement, and consequently, the injury is directly traceable to Department of State because that department is the one that determines compliance with the statute. In turn, because Lee is the head of the Department of State, an injunction issued against her will redress the Plaintiffs' alleged injuries.

## CONCLUSION

As to the constitutional injuries claimed by Plaintiffs by Fla. Stat. § 103.021(4)(a) and (4)(b), both injuries are directly traceable to Lee and

an order enjoining Lee consistent with the Plaintiffs' prayers for relief would fully redress the Plaintiffs' injuries. Therefore, the Plaintiffs have standing in this case.

Dated this 11th day of May, 2020.

                              Respectfully submitted,

                              **THE BERNHOFT LAW FIRM, S.C.**
                              Attorneys for Plaintiffs

                        By: /s/ Daniel J. Treuden
                             Daniel J. Treuden
                             Admitted *pro hac vice*

                             1402 E. Cesar Chavez Street
                             Austin, Texas 78702
                             telephone: (512) 582-2100
                             facsimile:  (512) 373-3159
                             djtreuden@bernhoftlaw.com

## **CERTIFICATE OF SERVICE**

The foregoing document was served on the Defendant by the ECF system at the time of filing:

ashley.davis@dos.myflorida.com
Deputy General Counsel Ashley E. Davis

brad.mcvay@dos.myflorida.com
General Counsel Brad R. McVay

Attorneys for:
Laurel M. Lee, Florida Secretary of State
R.A. Gray Building, Suite 100
500 S. Bronough Street
Tallahassee, Florida 32399


Signed this 11th of May, 2020.

                                         /s/ Daniel J. Treuden
                                         Daniel J. Treuden