**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

THE INDEPENDENT PARTY OF
FLORIDA and THE PARTY FOR
SOCIALISM AND LIBERATION,
    *Plaintiffs*,                              CASE NO: 4:20-cv-00110-MW-CAS

v.

LAUREL M. LEE, Florida
Secretary of State, in her official capacity,
    *Defendant*.
_____/

## DECLARATION OF MARIA MATTHEWS

I, Maria Matthews, according to 28 U.S.C. § 1746, hereby state:

1. My name is Maria Matthews. I am over 18 years of age, am competent to testify, and declare the following facts based on my own personal knowledge.

2. I have served as the Director of the Division of Elections of the Florida Secretary of State for over 7 years. As Director, my role includes providing statewide coordination, supervision, and direction of elections in Florida. Before serving as Division Director, I was an Assistant General Counsel for 8 years, providing advice and guidance to the Division of Elections.

3. The State of Florida has an important interest in requiring minor parties to show a significant modicum of support, either statewide or nationally,

before placing the presidential (and vice presidential) candidates of those parties on our ballot.

4. The provisions at issue provide alternative and reasonable methods of access for minor parties with a significant modicum of support to place their presidential candidates on the ballot, while simultaneously furthering the State's interests. In each presidential election since 2000, many minor parties have accessed the State's presidential ballot, in addition to major parties, and non-partisan and write-in candidates.

5. In my experience as Director of the Division of Elections, it is not uncommon for people to equate "independent" with no party affiliation. Voters too, when registering to vote or updating their registration, often write "independent" as their party affiliation when they actually intend to not be affiliated with *any* party. These voters only notice they have been registered as members of the "Independent Party of Florida" when they get their voter information card, if they notice at all.

6. Supervisors of Election experience this same sentiment from voters, as discussed during an August 6, 2019, Rule 1S-2.040 rule development workshop on the voter registration form.

7.     Based on this, I think it's reasonable to conclude that some number of the Independent Party of Florida's registered voters did not actually intend to become registered members of the Independent Party of Florida.

8.     The State has a strong interest in an orderly and successful conduct of elections. Part of that is ensuring that there is finality and certainty in the electoral process.  The State's stated interest above encompasses minimizing voter confusion that arises from when one or more minor party candidates are preliminarily placed on the ballot, only to be removed based on subsequent appeal, from the ballot during critical voting period, particularly when voting has begun which can start as early as 45 days before an election. Depending on the timing of the removal of a candidate or candidates' names, voters will and have called and emailed the Department and Supervisors of Elections' office with concerns and frustration. They want to know why a candidate's name still appears on the ballot if removed, whether they got the wrong or a flawed ballot, and/or or whether they will have another opportunity to vote even they have already cast a vote for a candidate who is now "removed" from the ballot.

9.     Furthermore, the State's stated interest encompasses ensuring the integrity and accuracy of the ballot preparation and process at the local level. The Supervisors of Election diligently and methodically create and test the ballot layout before printing. However, each new or unexpected change increases the risk of

error in layout and therefore accuracy. Re-doing the ballot takes time and careful consideration from officials who are already challenged with fulfilling a complex panoply of election administrative duties within very prescribed timeframes.

10. In the last qualifying period (for U.S. Representative, judicial, state attorney, and public defender candidates ending on April 24, 2020), *see* sections 99.061 and 105.031, Florida Statutes, 32 candidates qualified by the petition method.

I say nothing further.

On May 22 2020, pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct:

/s/ *[signature]*

Maria Matthews