IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

|  |  |
|---|---|
| INDEPENDENT PARTY OF FLORIDA and PARTY FOR SOCIALISM AND LIBERATION, <br><br> Plaintiffs, <br><br> v. <br><br> LAUREL M. LEE, Florida Secretary of State, in her official capacity, <br><br> Defendant. | Case No. 4:20-cv-00110-MW-CAS |

**REPLY IN SUPPORT OF**
**<u>MOTION FOR PRELIMINARY INJUNCTION</u>**

COMES NOW Plaintiffs The Independent Party of Florida ("Independent Party") and The Party for Socialism and Liberation ("Party for Socialism"), by and through their attorney of record, Daniel J. Treuden, to respectfully file this reply in support of their motion for preliminary injunction. This paper is filed pursuant to N.D. Fla. Loc. R. 5.1 and 7.1.

Most of the arguments set forth in Laurel Lee's Opposition Brief are adequately addressed by the Plaintiffs' Motion for Preliminary

1

Injunction. There are some arguments, however, that require addressing, primarily to put certain facts in a proper context.

I. **Both Parties Have Standing Because Even Minor Political Parties that Gain Access to the Ballot by Signature Petition Are Not Required to Name the Candidate Prior to Circulating the Petition.**

Minor political parties must circulate Form DS-DE 18B to have its presidential candidate nominee placed on the ballot using the signature petition method. A copy of this form is attached as Exhibit A. It can be downloaded from the internet from the following web address: https://dos.myflorida.com/media/693250/dsde18b.pdf. As can plainly be seen on the form, the only information required to be set forth is the personal information of the registered voter, the name of the minor political party seeking ballot access, and the year of the presidential election. As for the minor political parties proceeding under the affiliation method of ballot access, they must certify their candidates by September 1, 2020. Fla. Stat. ¶ 103.021(4)(a).

The Party for Socialism and Liberation has chosen Gloria La Riva to be its Presidential candidate. (Decl. of Bryan Ellis, ¶ 1.) Regarding The Independent Party of Florida, they have not yet chosen their nominee. They have received interest from a number of potential

2

candidates and are currently in the process of narrowing their search of those potential candidates. (Decl. of Ernest Bach, ¶ 2) (hereinafter "Bach Decl.").

Regarding the signature petition method of ballot access, the deadline to present the petitions to the Boards of Supervisors has not yet arrived. Fla Stat. § 103.021(4)(b) requires that these be presented by July 15, 2020, and if the Plaintiffs prevail on the signature petition aspect of this case which would result in a lower signature amount, the Plaintiffs very well may pursue this method of ballot access.

Based on the foregoing points, both parties have a concrete injury they seek to remedy. They both will either be barred from placing their chosen candidates to the presidential ballot by certification or will be forced to conduct a signature petition that requires an unconstitutional amount of signatures.

## II. The Independent Party of Florida's Bylaws Do Not Destroy its Standing.

The Independent Party's bylaws do in fact set forth a method of obtaining its electors and cites to Fla. Stat. § 103.021(4)(b). This bylaw, however, merely tracks the language of an unconstitutional statute. Most importantly, when this bylaw was presented to the Department of

State in 2011, the Independent Party actually cited to both Fla. Stat. § 103.021(4)(a) and (4)(b). It was the Department of State that required the Independent Party to amend its bylaws to omit any reference to Fla. Stat. § 103.021(4)(a) before they would be accepted by the Department of State. (Bach Decl., ¶¶ 6-8.) The Independent Party always intended to obtain ballot access in any legal way possible.

### III. The Party for Socialism and Liberation Bylaws Do Not Destroy its Standing.

The Party for Socialism and Liberation's bylaws states that it is associated with a "national party." The term as it is used in the bylaws is using the common definition of national party, not the statutory definition. The statutory definition requires that the minor political party be associated with a national party that is recognized by the Federal Election Commission as a qualified national committee. Fla Stat. § 103.021(4)(a). The Party for Socialism and Liberation has standing because it is not associated with national party as that term is used in the Florida affiliation statute.

4

## IV. The Plaintiff Parties Lack of Desire to Associate With a National Party, or a Lack of Desire to Associate With a Party that is Recognized by the FEC as a Qualified National Committee Does Not Destroy Standing.

The Independent Party has expressed no desire to associate with a national party instead opting to retain the ability to associate with and nominate whatever candidate they choose each presidential election cycle. (DE. 20-2, ¶ 8.) One of the main tenets of the Independent Party is that they are not beholden to any other party or organization and can truly pursue their own path. With 3,620,513 people currently registered in Florida as "No Party Affiliation," there is a large base of people to which they can market this idea. (DE. 33-7.)

The Department of State decertified the Independent Party at the end of 2016 when they party had 262,599 registered voters. The Independent Party had to start the recruitment process over and they now have 106,580 registered voters, more than twice the amount of all other minor political parties combined. (DE. 33-7; Bach Decl., ¶ 5.) This desire to remain independent is a fundamental associational right because the right to associate also includes the right not to associate:

> [T]he Court has recognized that the First Amendment protects 'the freedom to join together in furtherance of common political beliefs,' . . . which 'necessarily presupposes

5

> the freedom to identify the people who constitute the association, and to limit the association to those people only.'
> . . . That is to say, **a corollary of the right to associate is the right not to associate**.

*California Democratic Party v. Jones*, 530 U.S. 567, 574 (2000) (internal citations omitted) (emphasis added).

Similarly, the Party for Socialism and Liberation has a right to associate with the national party of its choice. The suggestion that the Party needs to justify some basis for not associating with the national Socialist Party is not a basis upon which one could find a lack of standing. (DE 34, pp. 6-7.) According to the Socialist Party's website, they are nominating Howie Hawkins as the Presidential candidate. *See* https://www.socialistpartyusa.net (last accessed on May 28, 2020). The fact that the Party for Socialism and Liberation intends to nominate someone else, namely Gloria La Riva, is reason enough not to associate with the national Socialist Party. The desire or lack thereof to associate with someone else is the crux of the First Amendment's right to associate, and consequently, setting forth the parties' desires is a sufficient basis to establish standing.

Both Plaintiff parties challenge the affiliation rule because the rule is not designed to further the state's interests in regulating the election

6

and the presidential ballot. The affiliation rule sets a standard that measures non-Florida support for a political party, and if that standard is met, allows the minor party to forego establishing any modicum of Florida-based support.

V. **The Independent Party of Florida's Registered Voter Count is not "Accidental."**

Attorney Maria Matthews set forth an affidavit in which she asserts a belief that some voters did not intend to become Independent Party registrants. (DE. 34-1, ¶ 5.) She advises that some people may write "Independent" in the minor party line intending to be "no party affiliation." *Id*. She also references a rule development workshop from August 6, 2019. This workshop can be found online at: https://thefloridachannel.org/videos/8-6-19-division-of-elections-rule-development-workshop/. The discussion she refers to begins at the 2:16 point in the video and lasts for about 7 minutes.

The Independent Party of Florida believes Attorney Matthews' concerns are overstated. Attached as Exhibit B is a copy of the Florida Voter Registration Application. As can be seen in the lower left hand corner, a person must forego the "No Party Affiliation" option, choose "Minor Party," and print the name "Independent" or a variation of that

7

on the blank line. That is not something that would be frequently be done on an accidental basis.

## VI. Richard Winger's Quotation from *De La Fuente v. Padilla* was Misconstrued.

In *De La Fuente v. Padilla*, 930 F.3d 1101, 1105-06 (9th Cir. 2019), the Plaintiffs' expert Richard Winger was quoted in the record as saying "there's almost nobody left to petition," using that quote to hold that Mr. De La Fuente's ballot access case could appropriately be denied because voters already had a sufficient choice among both major and minor partisan candidates. (Decl. of Richard Winger, ¶ 2.) Mr. De La Fuente had attempted to gain the Democratic nomination in 2016, and having failed that decided to run as an independent. *Id*. ¶ 3. In the 2016 California presidential election, there were only three minor parties on the ballot (not counting the American Independent Party that nominated Donald Trump along with the Republican Party). *See* https://elections.cdn.sos.ca.gov/sov/2016-general/sov/2016-complete-sov.pdf, p. 5 (last accessed on May 29, 2020).

Mr. Winger's comment regarding "there's almost nobody left to petition" was a statement made in a deposition referring to the 1996 and 2000 presidential elections when California had eight minor party

8

candidates on the Presidential election ballot. (Winger Decl., ¶ 4.) The point was made to show that when there are more minor parties on the ballot, there's usually fewer independent candidates because the independent candidates are more likely to find a minor party they can work with to gain ballot access. The Plaintiffs' claims in this case do not involve independent candidates.

VII. **Regarding Ballot Access Statistics, Plaintiff's Expert did not Miss a Relevant Ballot Access Signature Campaign in his Analysis.**

The Plaintiffs' expert Richard Winger put forth a chart in support of the Motion for Summary Judgment found at DE. 9-4. That chart involved minor party and independent candidate signature campaigns. Kendrick Meek was the Democratic nominee, not a minor party candidate nominee. (Winger Decl., ¶ 5.) Regarding the Libertarian Party candidate in 1996, both the Libertarian and Reform Party candidates met the 1% signature requirement that year, but that year required only 65,596 signatures, which is approximately half of the current required amount. *Id.*, ¶ 6. The point of the chart was to give each state's largest successful signature campaign by a non-major party candidate. As populations increase, percentage-based signature

requirements become harder and harder to achieve, which is why Mr. Winger was able to opine that only one time in history has a minor party or independent candidate achieved ballot access in a state by successfully obtaining more signatures than Florida's current requirement of 132,781. (DE 9-1, ¶ 42.)

Dated this 29th day of May, 2020.

        Respectfully submitted,

        **THE BERNHOFT LAW FIRM, S.C.**
        Attorneys for Plaintiffs


        By: /s/ Daniel J. Treuden
            Daniel J. Treuden
            Admitted *pro hac vice*

            1402 E. Cesar Chavez Street
            Austin, Texas 78702
            telephone: (512) 582-2100
            facsimile:  (512) 373-3159
            djtreuden@bernhoftlaw.com

## CERTIFICATE OF SERVICE

The foregoing document was served on the Defendant by the ECF system at the time of filing:

ashley.davis@dos.myflorida.com
Deputy General Counsel Ashley E. Davis

Attorney for:
Laurel M. Lee, Florida Secretary of State
R.A. Gray Building
500 S. Bronough Street
Tallahassee, Florida 32399


Signed this 29th of May, 2020.


   /s/ Daniel J. Treuden
Daniel J. Treuden