IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

|  |  |
|---|---|
| INDEPENDENT PARTY OF FLORIDA and PARTY FOR SOCIALISM AND LIBERATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>LAUREL M. LEE, Florida Secretary of State, in her official capacity,<br><br>    Defendant. | Case No. 4:20-cv-00110-MW-CAS |

## **DECLARATION OF ERNEST BACH**

I, Ernest Bach, hereby declare that:

1. I make this declaration based on my own personal knowledge and am competent to testify to the matters stated herein.

2. The Independent Party of Florida has not yet chosen its candidates for President and Vice President. The Independent Party has been contacted by numerous individuals seeking the Independent Party's nomination, and is narrowing their search of those potential candidates.

1

3. The State of Florida revoked the Independent Party's official minor party status in 2016. We immediately refiled paperwork to re-register the party. I do not believe revocation was appropriate, but the party documents were re-filed.

4. At the time of the revocation, the Independent Party had 262,599 registered voters. When the revocation occurred, the State had those voter's registration converted to "No Party Affiliation."

5. Since re-filing the paperwork, the Independent Party now has over 106,000 definitively registered voters again, more than twice the number of all other Florida minor parties combined.

6. The bylaws filed by The Independent Party in January 2017 were merely a re-draft of the bylaws the Department of State previously accepted. The language citing Fla. Stat. § 103.021(4)(b) in Article 8 of the bylaws, which is the section articulating how the party will choose its Presidential candidates and electors, was not The Independent Party's intended language.

7. In 2011, when the bylaws were proposed, the original submission cited both § 103.021(4)(a) and (4)(b). The Department of State responded and told The Independent Party that because they

were not a "national party," the bylaws could only cite to § 103.021(4)(b), and the Department required an amended submission before the bylaws would be accepted.

8. The bylaws were submitted in 2011 pursuant to Fla. Stat. § 103.095. That statute required minor political parties to file certain documents with the Department of State, including bylaws, and § 103.095(6) required compliance with then existing minor political parties.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: May 28, 2020.

*Ernest Bach*
Ernest Bach
